1  Avi Burkwitz, Esq., Bar No.: 217225
   aburkwitz@pbbgbs.com
2  Gayane Muradyan, Esq., Bar No.: 337436
   gmuradyan@pbbgbs.com
3  **PETERSON BRADFORD BURKWITZ**
   **GREGORIO BURKWITZ & SU, LLP**
4  100 North First Street, Suite 300
   Burbank, California 91502
5  T: 818.562.5800
   F: 818.562.5810
6
7  Attorneys for Defendant, COUNTY OF LOS ANGELES, erroneously sued as LOS ANGELES COUNTY, LOS ANGELES COUNTY CHILDREN AND FAMILY SERVICES
8

*Exempt from filing Fees*
*Government Code Section 6103*

9              **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

12  DANIEL ALVAREZ,

13                  Plaintiff,

14      vs.

15  LOS ANGELES COUNTY, LOS ANGELES COUNTY CHILDREN AND FAMILY SERVICES, AND CATIE REAY, DOES 1-10,

17                  Defendants.

18

19

20

21

22

23

24

25

26

Case No.: 2:24-cv-01035-ODW-MAR
Assigned to the Honorable: Otis D. Wright, II
[Courtroom: 5D]

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

*[Filed concurrently with [Proposed] Order); and Declaration of Gayane Muradyan, Esq.]*

Date:        August 11, 2025
Time:        1:30 pm
Courtroom  5D

Complaint Filed: February 07, 2024
FAC Filed:       November 12, 2024
SAC Filed:       May 6, 2025
TAC Filed:       June 3, 2025
Trial Date:      None

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

1

27
28

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 11, 2025, at 1:30 pm, in Courtroom 5D of the United States District Court, Central District of California, located at 350 W. First Street, Los Angeles, CA 90012, Defendant, COUNTY OF LOS ANGELES (hereinafter referred to as "Defendant" or the "County") will move the Court for an order to dismiss with prejudice Plaintiff's Second, Third, Fourth, Fifth and Sixth Claims for Relief stated against the County in Plaintiff's Third Amended Complaint ("Complaint,") pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), and corresponding case law. This Motion will be made and based upon the following grounds:

1.     Plaintiff's Second Claim for Relief, entitled "Violation of Fifth Amendment Due Process" against the County, fails to state a claim upon which relief can be granted.

2.     Plaintiff's Third Claim for Relief, entitled "Invasion of Privacy/Intrusion into Private Affairs" against the county, fails to state a claim upon which relief can be granted.

3.     Plaintiff's Fourth Claim for Relief, entitled "Intentional Infliction of Emotional Distress" against the County, fails to state a claim upon which relief can be granted.

4.     Plaintiff's Fifth Claim for Relief, entitled "Negligent Infliction of Emotional Distress" against the County, fails to state a claim upon which relief can be granted.

5.     Plaintiff's Sixth claim for Relief, entitled "Violation of Welfare and Institutions Code § 366.26(n)" against the County, fails to state a claim upon which relief can be granted.

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

1      6.     Plaintiff's complaint seeks punitive damages against public entity

On July 1, 2025, pursuant to C.D.C.A. Local Rule 7-3, Defense Counsel met in-person with Plaintiff's Counsel in her office and discussed the deficiencies in Plaintiff's operative complaint in the light of the intention to file a Motion to Dismiss.

Plaintiff's Counsel noted that a potential motion for leave to amend will be considered and that she would amend the Complaint. As of the time of filing the present motion, no motions for leave to amend were filed. As such, Defendant brings this motion to protect its rights and to seek clarification about the balance of claims against which it must defend.

This Motion is made and based upon Plaintiff's Third Amended Complaint, the Court file, the Memorandum Points and Authorities submitted herewith, the hearing on this matter, and any matters upon which the Court may take judicial notice.

DATED:  July 8, 2025          **PETERSON BRADFORD BURKWITZ**
                                   **GREGORIO BURKWITZ & SU**

By:  Gayane Muradyan, Esq.
      Avi Burkwitz, Esq.
      Gayane Muradyan, Esq.
      Attorneys for Defendant,
      COUNTY OF LOS ANGELES

*(left margin, vertical text)* **PETERSON BRADFORD BURKWITZ GREGORIO BURKWITZ & SU, LLP** 100 North First Street, Suite 300 Burbank, California 91502 Telephone 818.562.5800

3

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................10

II.     FACTUAL ALLEGATIONS ..............................................................................11

III.    ARGUMENT ......................................................................................................11

A.      Plaintiff's Fourth Amended Complaint is in Violation of Federal Rules of Civil Procedure 15(a).....................................................................13

B.      When a party moves to amend a pleading beyond the deadline set in the scheduling order, the party must first show "good cause" for relief from the deadline. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 607-08 (9th Cir. 1992). Plaintiff's Second Claim for Relief for Violation of Due Process Rights fails to state a claim upon which relief may be granted...............................................13

C.      Plaintiff's Third Claim for Relief for Invasion of Privacy is meritless, as Public Entities have immunity........................................................16

D.      Plaintiff's Fourth Claim for Relief for Intentional Infliction of Emotional Distress fails to state a claim upon which a relief may be granted....................................................................................................17

E.      Plaintiff's Fifth Claim for Relief for Negligent Infliction of Emotional Distress fails to state a claim upon which relief may be granted..........19

F.      Plaintiff's Sixth Claim for relief, entitled "Violation of Welfare and

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

4

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

Institutions Code Section 366.26(n)" against the County fails to state a claim upon which relief can be granted ................................................20

IV.    CONCLUSION ................................................21

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

## Cases

Ashcroft v. Iqbal,

  556 U.S. 662, 678 (2009)……………………………………………12

Bd. Of Cty. Comm'rs of Bryan Cty., Okl. V. Brown,

 520 U.S. 397, 403 (1997)...............................................................14,15

Bell Atl. Corp. v. Twombly,

 550 U.S. 544, 550, 555, 556, 557, 570 (2007)…………………………..11

City of St. Louis v. Praprotnik,

 485 U.S. 112, 123 (1988)...............................................................14

Cochran v. Cochran,

  (1998) 65 Cal.App.4th 494…………………………………………..18

County of San Bernardino v. Superior Court,

  (2022) 77 Cal.App.5th 1107…………………………………………16

Huk v. County of Santa Barbara,

 (9th Cir. 2016) 650 Fed.Appx. 367…………………………………………15

Huggins v. Longs Drug Stores California, Inc.,

 (1993) 6 Cal.4th 124, 129…………………………………………………19

Hunter v. Cty. of Sacramento,

 652 F.3d 1225, 1227 n.1 (9th Cir. 2011) ...............................................14

In re Jayden M.,

  (2014) 228 Cal.App.4th 1452……………………………………………20

In re P.L.,

 (2005) 134 Cal.App.4th 1357, 1361……………………………………14

Johnson v. Mammoth Recreations, Inc.,

 975 F.2d 607-08 (9th Cir. 1992)……………………………………………13

6

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

Keates v. Koile,

    (9th Cir. 2018) 883 F.3d 1228, 1236……………………………….….…17

Kelley v. San Diego County Health and Human Services Agency,

  (9th Cir., Dec. 2, 2021, No. 20-56111) 2021 WL 5742673, at *1………………14

Lawson v. Superior Court,

  (2010) 180 Cal.App.4th 1372, 1380……………………………………………18

Monell v. Department of Social Services ,

  436 U.S. 658, 694 (1978).........................................................................14,15

Papasan v. Allain,

  478 U.S. 265, 286 (1986)……………………………………………………...12

Pembaur v. City of Cincinnati,

  475 U.S. 469, 478 (1986)........................................................................14

People v. Nishi,

    (2012) 207 Cal.App.4th 954……………………………………………………...17

People v. Tolliver,

    (2008) 160 Cal.App.4th 1231, 1239…………………………….………..…17

556 U.S. at 678…………………………………………………………………..10

Potter v. Firestone Tire & Rubber Co.,

    (1993) 6 Cal.4th 965……………………………………………………………...19

Shulman v. Group W Productions, Inc.,

    (1998) 18 Cal.4th 200, 231……………………………………………………17

Thomsen v. Sacramento Metropolitan Fire Dist.,

    (E.D. Cal., Oct. 20, 2009, No. 2:09-CV-01108 FCD) 2009 WL 8741960, at

*17…………………………………………………………………………..…..18

Twombly,

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

7

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

1    550 U.S. at 555, 557……………………………………………………11,12,13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

8

27

28

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

1

**Rules**

2

Rule 8 ……………………………………..………………………………11,12

3

4

Rule 12(b)(6)....................................................................................................12

5

Fed. Rule Civ. Proc. 8(a)(2))……………………………………………….12

6

Federal Rules of Civil Procedure 15(a)……………………………………13

7

Fed. R. Civ. P. 16(b)(4)……………………………………………………13

8

9

**Statues**

10

42 U.S.C. § 1983………………………………………..……….…14

11

Cal Wel. & Inst. § 306………………………………………………....15

12

Section 814………………………………………………………..…..16

13

Gov. Code, § 815……………………………………………….…...16,19

14

Government Code section 844.6………………………………………….18

15

Welfare and Institutions Code Section 366.26………………………………..20

16

17

18

19

20

21

22

23

24

25

26

27

28

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

9

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff, Daniel Alvarez, a former foster parent for minor Jacob, brings this case against the County and a social media user, Catie Raey, claiming various torts for the detaining of the minor from his care. The Case arises from a risqué video posted by Alvarez on social media, which led to an investigation and, thereafter, to the removal of the foster child and termination of the Plaintiff's foster parent license.

Notwithstanding various allegations about Plaintiff's rights being violated because of the removal and termination of his foster license, Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted as against the County, as Plaintiff's complaint lacks factual allegations and rather makes conclusory statements and there is no basis to have such claims against the County. Plaintiff's complaint includes six counts, of which five concern the County; those claims include:

      **1.**      Plaintiff's Second Claim for Relief for Violation of Due Process.

      **2.**      Plaintiff's Third Claim for Relief for Invasion of Privacy.

      **3.**      Plaintiff's Fourth Claim for Relief for Intentional Infliction of Emotional Distress.

      **4.**      Plaintiff's Fifth Claim for Relief for Negligent Infliction of Emotional Distress.

      **5.**      Plaintiff's Sixth Claim for relief, entitled "Violation of Welfare and Institutions Code Section 366.26(n)".

Since the filing of this Third Amended Complaint, Plaintiff filed a 4th Amended Complaint with similar claims, but without leave of court, and therefore Defendant just addresses this Third Amended Complaint.

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

## II.    <u>FACTUAL ALLEGATIONS</u>

Plaintiff was a former foster parent that took custody of a minor Jacob (TAC 3:14-15). Plaintiff was not the biological parent nor an adoptive parent. Plaintiff would post videos on TikTok social media. (TAC 3:16, 4:18) The videos would depict and include the defendant closely touching the baby boy. Plaintiff also admits that he would post videos that he described as a little risqué. (TAC 4:19-20). Defendant Raey, someone not employed or affiliated by the County, is a TikTok user who got scared for the baby's safety as she saw the risqué videos. (TAC 4:21-27). Raey began reposting the videos with her own explanations why she was concerned about the baby's safety. (TAC 4:28). Subsequently, her videos became very popular and received numerous views and viewers. (TAC 4-5:29). Raey called for action, her viewers to contact social services for the baby's safety. (TAC 5:31).

Plaintiff was contacted by County social worker Christina Hernandez, who is not a named defendant. (TAC 5:33) On September 22, 2023, the Sheriff's Department (Carson), showed up at the Plaintiff's residence.   On the same day, Sheriff's Department (West Hollywood) DCFS showed up at the Plaintiff's residence. (TAC 5:35-36). Plaintiff claims that these visits constitute an invasion of privacy, and that Defendant acted without a cause. (TAC 14:101-106). The child was removed, and the reasoning was the videos posted on TikTok by the Plaintiff; thereafter Plaintiff lost his foster parent license, although this was not done by the County. (TAC 5:37-39).

## III.    <u>ARGUMENT</u>

Under Rule 8 of the Federal Rules of Procedure, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Factual allegations "must be

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

11

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

1   enough to raise a right to relief above the speculative level on the assumption that all

2   of the allegations in the complaint are true." Id. at 555-56. Rule 8 "demands more that

3   an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal,

4   556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint that simply

5   offers "labels and conclusion," "a formulaic recitation of the elements of a cause of

6   action," or "naked assertion[s]' devoid of 'further factual enhancement'" will not do.

7   Iqbal 556 U.S. at 678 (first quoting Papasan v. Allain, 478 U.S. 265, 286 (1986),

8   second quoting Twombly, 550 U.S. at 555, 557).

9        Under Rule 12(b)(6), a party may move to dismiss a claim for relief for its

10  failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In

11  evaluating a complaint against a motion to dismiss, "[t]hreadbare recitals of the

12  elements of a cause of action, supported by mere conclusory statements, do not

13  suffice." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Motions to dismiss test

14  complaints against a plausibility standard: i.e., whether the complaint contains

15  sufficient factual matter, taken as true, to state a claim for relief that is plausible on

16  its face. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim had facial

17  plausibility when the plaintiff pleads factual content that allows the court to draw the

18  reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S.

19  at 678 (citing Twombly, 550 U.S. at 556). "But where the well-pleaded facts do not

20  permit the court to infer more than the mere possibility of misconduct, the complaint

21  has alleged but it has not 'show[n]''that the pleader is entitled to relief.'" Iqbal, 556

22  U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). The plausibility standard demands

23  more than a "sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S.

24  at 678 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are

25  merely consistent with a defendant's liability, it stops short of the line between

26

27

28

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

1  possibility and plausibility of entitlement of relief." <u>Iqbal</u>, 556 U.S. at 678 (internal

2  citations and quotations omitted). "[O]nly a complaint that states a plausible claim for

3  relief survives a motion to dismiss." <u>Iqbal</u>, 556 U.S. at 679 (citing <u>Twombly</u>, 550 U.S.

4  at 556)

5      Here, Plaintiff's Complaint fails to state any claim upon which relief can be

6  granted against the County

7      **A.    <u>Plaintiff's Fourth Amended Complaint is in Violation of Federal</u>**

8  **<u>Rules of Civil Procedure 15(a)</u>**

9      First it should be noted that the 4th Amended Complaint is not at issue and

10  therefore Defendants do not address it.  Plaintiff filed a Fourth Amended Complaint

11  without the consent of the County, the named Defendant, and without obtaining

12  leave of court. Despite the issues raised during the meet and confer process

13  preceding the prior Motion to Dismiss, Plaintiff failed to cure the identified

14  deficiencies. The Fourth Amended Complaint does not include any meaningful

15  revisions to the factual allegations and instead largely reiterates the prior version,

16  with only minor and unnecessary additions. Under FRCP Rule 15, after already

17  filing an amended complaint, a party may amend its pleading only with the opposing

18  party's written consent or the court's leave.

19      **B.    When a party moves to amend a pleading beyond the deadline set in**

20  **the scheduling order, the party must first show "good cause" for relief from the**

21  **deadline. <u>Fed. R. Civ. P. 16(b)(4)</u>; <u>*Johnson v. Mammoth Recreations, Inc.*</u>, 975**

22  **<u>F.2d 607-08 (9th Cir. 1992)</u>. <u>Plaintiff's Second Claim for Relief for Violation of</u>**

23  **<u>Due Process Rights fails to state a claim upon which relief may be granted.</u>**

24      Plaintiff brings a federal claim against the County. However, Plaintiff does not

25  have standing. He was not the biological parent nor the adoptive parent. To have

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

26

27  **DEFENDANT, COUNTY OF LOS ANGELES'**
**NOTICE OF MOTION AND MOTION TO DISMISS**
28  **PLAINTIFF'S THIRD AMENDED COMPLAINT**
**PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

1    standing to make such a claim here, a person must have *rights* that may suffer injury.

2    In re P.L. (2005) 134 Cal.App.4th 1357, 1361. De facto and foster parents do not have

3    federal constitutional rights to the custody of minors in their care, Kelley v. San Diego

4    County Health and Human Services Agency (9th Cir., Dec. 2, 2021, No. 20-56111)

5    2021 WL 5742673, at *1. Foster parents do not enjoy the same constitutional

6    protections that natural parents have. Id.

7        Further, the only viable claim against the County would have to be a Monell-

8    related claim as the County is being sued. In Monell v. Department of Social Services,

9    the Supreme Court held "that a municipality may be sued as a 'person' under 42

10   U.S.C. § 1983 when the municipality's 'policy or custom, whether made by its

11   lawmakers or by those whose edicts or acts may fairly be said to represent official

12   policy' inflicts a constitutional injury." Hunter v. Cty. of Sacramento, 652 F.3d 1225,

13   1227 n.1 (9th Cir. 2011) (quoting Monell v. Department of Social Services , 436 U.S.

14   658, 694 (1978)). The municipality cannot, however, be held liable on a theory of

15   respondeat superior: i.e., "solely because it employs a tortfeasor." 436 U.S. at 691

16   (emphasis in original). Section 1983 only holds a municipality liable for acts of that

17   municipality is itself actually responsible: i.e., "act which the municipality has

18   officially sanctioned or ordered." City of St. Louis v. Praprotnik, 485 U.S. 112, 123

19   (1988) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986)).

20       To prevail on a § 1983 Monell claim, plaintiffs must show (1) that they suffered

21   a constitutional violation, and (2) that a municipal policy caused the violation. Monell

22   v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978).  A plaintiff

23   seeking to impose liability on a municipality under Section 1983 is required "to

24   identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. Of

25   Cty. Comm'rs of Bryan Cty., Okl. V. Brown, 520 U.S. 397, 403 (1997).

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

14

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

1       There is no alleged wrongful practice alleged here. There is no underlying

2   wrongdoing of a social worker that has been identified in order to be a prerequisite to

3   set up a Monell claim. Plaintiff did not plead that any of the County's policies or

4   customs have caused his child to be removed for some unknown wrongful reason.

5   Plaintiff instead takes this singled isolated incident and wants to impute liability to

6   the County based on some alleged wrongdoing. But as noted above, for a Monell

7   claim, Plaintiff needs to "identify a municipal 'policy' or 'custom' that caused the

8   plaintiff's injury." (<u>Bd. Of Cty. Comm'rs of Bryan Cty., Okl. V. Brown,</u> 520 U.S.

9   397, 403 (1997).)

10      Nonetheless, state law requires the California Department of Social Services

11  to provide pre-removal notice and a grievance process for foster parents to contest the

12  removal of a foster child, but these laws do not establish substantive predicates or

13  mandate any outcomes nor is there a basis for a federal due process in this regard. *See*

14  <u>DSS Manuel</u> §§ 31–440, 31–020.

15      The bottom line is that Plaintiff cannot plead a federal claim based on the merits

16  and based on procedural grounds.  A social worker's removal authority is highly

17  discretionary and is not governed by objective and defined criteria. *See* <u>Cal Wel. &</u>

18  <u>Inst</u>. § 306. These regulations do not entitle foster parents, as a matter of federal

19  constitutional right, to the notice and grievance procedures required by California law.

20  <u>Huk v. County of Santa Barbara</u> (9th Cir. 2016) 650 Fed.Appx. 367. [T]ypical foster

21  care arrangement generally does not create a liberty interest in familial association.

22  <u>Id</u>. Therefore, there is no constitutionally protected interest in this matter. Here, there

23  is no entitlement, there is no constitutional interest to protect with process, and

24  therefore, Plaintiff's claim has no merits upon which relief can be granted.

25      Defense's motion to dismiss should be granted as to plaintiff's second claim.

26

27

28

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**C.    Plaintiff's Third Claim for Relief for Invasion of Privacy is meritless, as Public Entities have immunity.**

Except as otherwise provided by statute:(a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.(b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person. Gov. Code, § 815.

"Injury" means death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings, or estate, of such nature that it would be actionable if inflicted by a private person. Gov. Code, § 810.8.

As the Court of Appeal further elaborates, under the Government Claims Act, all government tort liability must be based on statute. County of San Bernardino v. Superior Court (2022) 77 Cal.App.5th 1107. Government Code section 815, enacted in 1963, abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state Constitution. Id. Thus, in the absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable. Id. Moreover, under subdivision (b) of section 815, the immunity provisions of the California Tort Claims Act will generally prevail over any liabilities established by statute. Id. at 1108.

Further, there are no allegations even setting forth a cognizable claim for invasion of privacy. The elements for such a claim include 1) intrusion into a private place, conversation, or matter, 2) in a manner highly offensive to a reasonable person.

16

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

Shulman v. Group W Productions, Inc. (1998) 18 Cal.4th 200, 231. The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place. Id. An objectively reasonable expectation of privacy is one that society is willing to recognize as reasonable. People v. Nishi (2012) 207 Cal.App.4th 954. Whether the defendant had a legitimate expectation of privacy is subject to a two-part test: (1) did the defendant manifest a subjective expectation of privacy in the object of the search? And (2), is society willing to recognize the expectation of privacy as legitimate? People v. Tolliver (2008) 160 Cal.App.4th 1231, 1239.

Here, Plaintiff alleges the County detained a foster child. That does not equate to an invasion of privacy. That makes no sense. If that were the case, then each time the County was to detain a child, it would be subject to an invasion of privacy claim. Moreover, to show invasion of privacy Plaintiff has to show that he had an expectation of privacy, and society is willing to recognize the expectation as legitimate. The removal procedure is codified and has legitimate purposes, such as protecting children from illegal and torturous acts, and thus the removal is accepted by society. Officials may remove a child without a court order if there is information at the time of the removal that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury. Keates v. Koile (9th Cir. 2018) 883 F.3d 1228, 1236. Even if assumed that Plaintiff had a reasonable expectation of privacy, the County's actions were vindicated by the reasonable cause of danger to the child.

Defense's motion to dismiss should be granted as to plaintiff's third claim.

**D.** **Plaintiff's Fourth Claim for Relief for Intentional Infliction of Emotional Distress fails to state a claim upon which a relief may be granted.**

As noted above, Government code 815 protects public entities by giving immunity unless a specific statute is found declaring public entities to be liable.

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

1    Intentional infliction of emotional distress is a common law tort, and thus, there is no

2    statute that specifically will hold a public entity, such as LA County or DCFS, liable

3    for intentional infliction of emotional distress. Plaintiff fails to state a claim upon

4    which relief can be granted.

5        A public entity is not liable for negligence, negligent infliction of emotional

6    distress, and intentional infliction of emotional distress because of Government Code

7    section 844.6. <u>Lawson v. Superior Court</u> (2010) 180 Cal.App.4th 1372, 1380.

8        Furthermore, the tort of intentional infliction of emotional distress is comprised

9    of three elements: (1) extreme and outrageous conduct by the defendant with the

10   intention of causing, or reckless disregard of the probability of causing, emotional

11   distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the

12   plaintiff's injuries were actually and proximately caused by the defendant's outrageous

13   conduct. <u>Cochran v. Cochran</u> (1998) 65 Cal.App.4th 494.  [W]here the plaintiff has

14   failed to specifically allege any applicable statute that makes the public entity directly

15   liable for intentional infliction of emotional distress, under <u>Gov. section</u> 815, the

16   public entity is not liable. <u>Thomsen v. Sacramento Metropolitan Fire Dist.</u> (E.D. Cal.,

17   Oct. 20, 2009, No. 2:09-CV-01108 FCD) 2009 WL 8741960, at *17

18       Here, Plaintiff has not alleged that the County committed any intentional or

19   outrageous act other than detaining a child, nor has Plaintiff made any factual

20   allegations to show reckless disregard of the probability of causing emotional distress.

21   Plaintiff's only argument is a conclusory statement that the County committed

22   intentional infliction of emotional distress due to governmental searches and

23   interrogations. Plaintiff merely states elements without supportive factual allegations

24   to show that the County's actions satisfied the aforementioned elements.

25       Moreover, Plaintiff fails to specifically allege any applicable statute that makes

26

27

28

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

18

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

1    the public entity directly liable for IIED.

2        Defense's motion to dismiss should be granted as to plaintiff's fourth claim.

3    **E.    Plaintiff's Fifth Claim for Relief for Negligent Infliction of Emotional Distress fails to state a claim upon which relief may be granted**

5        The plaintiff claims negligent infliction of emotional distress, which is not an independent tort claim in California. Potter v. Firestone Tire & Rubber Co. (1993) 6 Cal.4th 965.

8        Negligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation, and damages apply. Huggins v. Longs Drug Stores California, Inc. (1993) 6 Cal.4th 124, 129.

11       As already mentioned in sections B and C of the present motion, public entities are immune from liability for injuries except as provided otherwise by the statute. Gov. Code, § 815.  LA County is a public entity and is protected from negligence claims by Gov. Code, § 815, as claims for injuries, in this case, feelings or emotional damage, are barred by the code. Plaintiff fails to state a claim upon which relief can be granted.

17       Moreover, Plaintiff fails to show breach of duty. Plaintiff makes a conclusory allegation by stating that the County breached its duty by acting on unverified, defamatory claims. Nonetheless, Plaintiff admits earlier in his Third Amended Complaint that the County started an investigation, and the removal was done *after* the investigation was over. Plaintiff makes contradictory assertions by alleging a breach based on the County acting on unverified claims, while simultaneously acknowledging that an investigation took place**.** (TAC at Page 16-20.). There is no negligence even alleged.

25       Defense's motion to dismiss should be granted as to plaintiff's Fifth claim.

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

19

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

**F.    Plaintiff's Sixth Claim for relief, entitled "Violation of Welfare and Institutions Code Section 366.26(n)" against the County fails to state a claim upon which relief can be granted**

Welfare and Institutions Code Section 366.26 requires notice, right to file an objection, court hearing if an objection is filed. <u>Welf.C</u>. 366.26. Before a change in placement, and as soon as possible after the decision to remove a child from a prospective adoptive placement, the licensed adoption agency must notify (a) the court, (b) the designated prospective adoptive parent, (c) a current caretaker who would have met the criteria to be designated as a prospective adoptive parent under Welf.C. 366.26(n)(1) on the date of service ("qualified caretaker"), (d) the child's attorney, and (e) the child, if age 10 or older, of the proposal, as provided in Welf.C. 16010.6. <u>Welf.C.</u> 366.26(n)(3). In the context of the overall statutory scheme, the notice requirements of Welf.C. 366.26(n)(3) **do not apply** where a child has been removed from the potential perspective adoptive parent **before** parental rights are terminated. <u>In re Jayden M.</u> (2014) 228 Cal.App.4th 1452. [Emphasis added].

Here, according to Plaintiff's Third Amended Complaint, termination took place *after* the baby was removed. (TAC at p. 5:37). Thus, procedural requirements, including notice and opportunity to object required by Welf.C. 366.26(n)3, are not applicable. Indeed, Plaintiff's complaint recites the law that says that this procedure is not applicable if the termination has been made after removal. (TAC page 21:145). Plaintiff's complaint has no basis and fails to state a claim upon which relief can be granted.

Hence, there are no facts to constitute a claim for relief and therefore Defendants motion to dismiss should be granted as to plaintiff's sixth claim.

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

20

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

1

## IV.    <u>CONCLUSION</u>

2        For the foregoing reasons, Defendant respectfully requests that this Court

3    dismiss Plaintiff's Third Amended Complaint.

4

5      DATED:  July 8, 2025         **PETERSON BRADFORD BURKWITZ**

                            **GREGORIO BURKWITZ & SU**

6

7

8                          By:  <u>Gayane Muradyan, Esq.</u>

                            Avi Burkwitz, Esq.

9                                Gayane Muradyan, Esq.

                            Attorneys for Defendant,

10                               COUNTY OF LOS ANGELES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

21

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the moving Defendant, certifies that this brief contains **4897** words, which:

√   complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order.

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

22

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

     On July 8, 2025, I served the foregoing document described as:

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### **SEE ATTACHED MAILING LIST**

☒   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐   **BY ELECTRONIC MAIL:** Based on court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(s) below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐   **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 8, 2025, in Burbank, California

               /s/ Cynthia Collazo
               _____
               Cynthia Collazo

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer

## SERVICE LIST

**RE:**    **Alvarez, Daniel v. County of Los Angeles**

    **Case No.:**  2:24-cv-01035-ODW-MAR

Angela Swan, Esq.
**The Law Offices of Angela Swan, APC**
21151 S. Western Ave., Suite 177
Torrance, CA. 90501
T: (310) 755-2505
E: aswan@angelaswanlaw.com

**Attorney for Plaintiff,
DANIEL ALVAREZ**

Jeffrey Lewis
Kyla Dayton
JEFF LEWIS LAW, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274
Tel. (310) 935-4001
E-Mail: Jeff@JeffLewisLaw.com

**Attorneys for Defendant
CATHERINE REAY**

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

24

**DEFENDANT, COUNTY OF LOS ANGELES'
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)**
2:24-cv-01035-ODW-MAR

MTD draft_gm-final -after in person meet and confer