O

# United States District Court
# Central District of California

| | |
|---|---|
| DANIEL ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY et al.,<br><br>    Defendants. | Case № 2:24-cv-01035-ODW (MARx)<br><br>**ORDER GRANTING DEFENDANT CATHERINE REAY'S MOTION TO STRIKE, OR, IN THE ALTERNATIVE, TO DISMISS THE THIRD AMENDED COMPLAINT [49]** |

Presently before the Court is Defendant Catherine Reay's[1] Motion to Strike, or, in the alternative, to dismiss Plaintiff Daniel Alvarez's Third Amended Complaint. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 49.)  After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument and **VACATES** the July 21, 2025 hearing.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  Because Alvarez has not filed an opposition, the Court **GRANTS** the Motion.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion.  Additionally, Local Rule 7-12 provides that "[t]he failure to

---

[1] Catherine Reay was erroneously sued as "Catie" Reay.  (*See* Third Am. Compl., ECF No. 44.)

file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on plaintiff's failure to oppose motion as required by local rules). Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. County of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).

The Court has considered the *Ghazali* factors and is persuaded that granting the Motion is appropriate. The hearing on Reay's Motion was set for July 21, 2025. Alvarez's opposition was therefore due by June 30, 2025. As of the date of this Order, Alvarez has not filed an opposition, or any other filing that could be construed as a request for a continuance. Accordingly, the Court deems Alvarez's failure to oppose as consent to granting the Motion. Accordingly, the Court **GRANTS** Reay's Motion. (ECF No. 49.) All claims asserted against Defendant Catherine Reay in the Third Amended Complaint are **DISMISSED WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

July 15, 2025

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**