Jeffrey Lewis (Bar No. 183934)
Kyla Dayton (Bar No. 346221)
Tim Cotter (Bar No. 360438)
**JEFF LEWIS LAW, APC**
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274
Tel. (310) 935-4001
Fax. (310) 872-5389
E-Mail: Jeff@JeffLewisLaw.com

Attorneys for Defendant CATHERINE REAY
(erroneously sued as CATIE REAY)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALVAREZ, | Case No.: 2:24-cv-01035-ODW-MAR |
| Plaintiff, | **DEFENDANT CATHERINE REAY'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| LOS ANGELES COUNTY, et al. | |
| Defendants. | |
| | Date: August 25, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5D |
| | Case Filed: February 7, 2024<br>Trial Date: None Set |

MOTION FOR ATTORNEY'S FEES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 25, 2025, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 5D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Catherine Reay will and hereby does move the Court for an award of attorneys' fees in the amount of $53,727.50 against Plaintiff Daniel Alvarez.

This Motion is made pursuant to California Code of Civil Procedure § 425.16(c)(1), following the Court's July 15, 2025, Order (ECF No. 56) granting Defendant Reay's unopposed Special Motion to Strike the Third Amended Complaint under California's anti-SLAPP statute. A fee award is mandatory under the statute.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Jeffrey Lewis, the pleadings and papers on file, and any oral argument the Court may permit.

DATED: July 28, 2025          **JEFF LEWIS LAW, APC**

                              By:   *s/ Jeffrey Lewis*
                                    Jeffrey Lewis
                                    Kyla Dayton
                                    Tim Cotter

                                    Attorneys for Defendant
                                    CATHERINE REAY

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................3

TABLE OF AUTHORITIES .........................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES................................................5

    I.    Introduction.................................................................................................5

    II.   Procedural Background ..............................................................................6

    III.  Legal Standard ...........................................................................................7

    IV.  Argument ....................................................................................................8

        A.   Defendant Reay Is the Prevailing Party Under Code of Civil Procedure Section 425.16(c)(1)..........................................8

        B.   The Fees Incurred Were Reasonable and Necessary...................9

        C.   The Hourly Rates and Time Billed Are Reasonable ..................9

        D.   A Modest Multiplier of 1.5 Is Justified ....................................11

    V.   Conclusion ................................................................................................13

CERTIFICATE OF COMPLIANCE...........................................................................14



MOTION FOR ATTORNEY'S FEES

# TABLE OF AUTHORITIES

***CASES***

*Clifford v. Trump*,
  2018 WL 6519029 (C.D. Cal. Dec. 11, 2018) ................................................ 10

*Ghazali v. Moran*,
  46 F.3d 52 (9th Cir. 1995) ............................................................................... 7

*Grant v. City of Long Beach*,
  96 F.4th 1255 (9th Cir. 2024) ......................................................................... 11

*Herring Networks, Inc. v. Maddow*,
  2021 WL 409724 (S.D. Cal. Feb. 5, 2021) .................................................... 10

*Makaeff v. Trump Univ.*,
  2015 WL 1579000 (S.D. Cal. April 9, 2015) ................................................. 10

*Metabolife Intern., Inc. v. Wornick*,
  213 F.Supp.2d 1220 (S.D. Cal. 2002) ............................................................ 10

*Resolute Forest Products, Inc. v. Greenpeace Int'l*,
  2019 WL 8377690 (N.D. Cal. Sept. 24, 2019) .............................................. 10

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ........................................................................... 8

*Wilkerson v. Sullivan*,
  99 Cal. App. 4th 443 (2002) ............................................................................ 8

*Wynn v. Chanos*,
  2015 WL 3832561 (N.D. Cal. June 19, 2015) .............................................. 10

***STATUTES***

California Code of Civil Procedure, section 425.16 ............................... 2, 5, 7, 8, 13

***FEDERAL RULES***

Federal Rules of Civil Procedure, Rule 12 ................................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

This is a case about a social influencer, Plaintiff Daniel Alvarez, who posted inappropriately sexually charged TikTok videos with his foster baby. Alvarez branded himself the gay sexy foster dad on TikTok. The risqué videos by Alvarez included Alvarez simulating his foster baby nursing on Alvarez' chest. When CPS was alerted, the foster baby was removed from his care. Alvarez filed suit against the County of Los Angeles and Defendant Catherine Reay who reposted those inappropriate TikTok videos and encouraged her followers to report Alvarez to CPS.

Reay successfully moved to strike all claims brought against her by Alvarez pursuant to California's anti-SLAPP statute. The Court granted the motion in full and without leave to amend after Alvarez failed to file any opposition. As the prevailing party under Code of Civil Procedure section 425.16(c)(1), Reay is entitled to recover her attorneys' fees. This motion seeks a total award of $53,727.50 which includes a 1.5 multiplier to account for delayed compensation, the public interest in deterring abusive litigation targeting protected speech, and the financial risk borne by counsel in defending against meritless claims. This motion is necessary following unsuccessful efforts to resolve this matter when Alvarez' counsel informed Reay's counsel that:

- Judge Wright is "too old" to be on the bench;
- The decision by Judge Wright was incorrect;
- She would seek reconsideration of the order striking the complaint; and
- Alvarez is "judgment proof" and any attorney's fee award would never be paid by Alvarez.

Dayton Decl. ¶ 3.[1]

---
[1] Per Local Rule 7-3, counsel for Alvarez and Reay met and conferred by telephone on July 23, 2025 to attempt to informally resolve this motion. Dayton Decl., ¶ 5.



## II. Procedural Background

This fee motion seeks to recover attorney's fees incurred by Reay in attacking four successive pleadings by Alvarez. Alvarez filed this action on February 7, 2024, alleging various constitutional and tort claims against public entities and private individuals, including Reay. Alvarez alleged that Reay caused Alvarez to lose custody of a foster child by reposting public TikTok videos that Alvarez himself had shared online.

On December 6, 2024, Reay filed a motion to strike the First Amended Complaint. ECF No. 31. On April 22, 2025, the Court granted Reay's motion finding that the allegations against Reay are protected activities within the meaning of California's anti-SLAPP law and that Alvarez failed to plead a legally sufficient claim. ECF No. 39. The April 22, 2025 order gave Alvarez leave to amend.

Alvarez filed a Second Amended Complaint on May 6, 2025. ECF No. 40. Because the allegations in the Second Amended Complaint were nearly identical to earlier pleadings, Reay filed another motion to strike. ECF No. 43. In lieu of opposing Reay's motion, Alvarez filed another amended complaint, the Third Amended Complaint. ECF No. 44. The Court denied Reay's motion to strike the Second Amended Complaint as moot in light of the Third Amended Complaint. ECF No. 45.

Alvarez purported to file a Fourth Amended Complaint on June 15, 2025. This June 15, 2025 filing started a twenty-one day window for Reay to prepare and file yet another motion to strike or dismiss. But 15 days later, after Reay drafted another motion to strike but before Reay could finalize and file the motion as to the Fourth Amended Complaint, the Court, *sua sponte,* struck the Fourth Amended Complaint as being filed by Alvarez without leave of Court. ECF No. 51. The Court's order left the Third Amended Complaint as the operative pleading.

On June 23, 2025, Reay filed a motion to strike or dismiss the Third Amended Complaint. ECF No. 49. Reay's motion invoked California's anti-SLAPP

law and Federal Rule of Civil Procedure 12(b)(6). ECF No. 49. The motion was supported by declarations from Reay and her counsel and set for hearing on July 21, 2025. Under Local Rule 7-9, Alvarez's opposition was due June 30, 2025. No opposition was filed. Out of an abundance of caution and to alert Alvarez of the omission, on July 7, 2025, Reay filed a notice that Alvarez failed to file an opposition. ECF No. 54. Between July 7 and July 14, Alvarez took no actions to remedy the issue.

On July 15, 2025, the Court granted Reay's motion in full, finding that Alvarez's failure to oppose constituted consent to the requested relief under Local Rule 7-12. The Court also applied the five-factor *Ghazali* test (*Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995)*) and found dismissal without leave to amend appropriate. ECF No. 56. Reay is now the prevailing party and brings this motion to recover the attorneys' fees incurred in obtaining dismissal of frivolous and unsupported claims.

### III. Legal Standard

California Code of Civil Procedure section 425.16(c)(1) mandates an award of attorney's fees and costs to a prevailing defendant on a special motion to strike. Once a defendant obtains dismissal of a cause of action pursuant to the anti-SLAPP statute, the fee award is not discretionary—it is required by law. The purpose of this fee-shifting provision is to deter meritless lawsuits that target protected speech and to ensure that defendants are not burdened with the cost of defending against claims that should not have been brought.

A prevailing defendant under § 425.16 is entitled to recover all attorney's fees reasonably incurred in bringing the special motion to strike, including time spent preparing supporting declarations, reviewing the operative complaint, and addressing procedural matters. Courts may also award a fee enhancement in appropriate cases to reflect delay in payment, the risk undertaken by counsel, or to

promote the statutory purpose of encouraging early dismissal of claims that chill free expression.

The fee motion here seeks recovery not only for work performed on the successful motion to strike the Third Amended Complaint but also seeks fees for motions to strike the earlier pleadings. The purpose of the anti-SLAPP law to compensate a wrongfully sued defendant for all attorney's fees incurred in extricating herself from the frivolous lawsuit. *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002). In this case, Reay was required to prepare anti-SLAPP motions four times: to respond to the First, Second, Third and Fourth Amended Complaints.

## IV. Argument

### A. Defendant Reay Is the Prevailing Party Under Code of Civil Procedure Section 425.16(c)(1)

On April 22, 2025, the Court granted Reay's anti-SLAPP motion as to the First Amended Complaint. The Court found that all of the allegations against Reay arise from protected activity and that Alvarez had not pled a viable claim. The Court gave Alvarez leave to file a Third Amended Complaint.

On July 15, 2025, the Court granted Defendant Catherine Reay's Special Motion to Strike the Third Amended Complaint under California's anti-SLAPP statute. ECF No. 56. The Court's order struck all claims against Reay and dismissed the action as to her in its entirety.

Under California Code of Civil Procedure § 425.16(c)(1), a prevailing defendant on a special motion to strike is entitled to recover her attorney's fees and costs. The statute's language is mandatory, and the Ninth Circuit has confirmed that this provision applies in federal court. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

Accordingly, Reay qualifies as a prevailing party and is entitled to recover all fees reasonably incurred in connection with her anti-SLAPP motion.

### B. The Fees Incurred Were Reasonable and Necessary

Reay's counsel reviewed and responded to multiple versions of the complaint, conducted legal research, prepared a combined special motion to strike and motion to dismiss, and drafted supporting declarations. Alvarez made no effort to withdraw or narrow the claims and filed no opposition, necessitating full briefing and submission of the motion to the Court.

The total hours incurred were reasonable given the nature of the allegations, the procedural posture of the case, and the multiple iterations of the complaint. The requested lodestar reflects standard hourly rates for experienced counsel practicing in federal court in the Central District of California. Lewis Decl., ¶¶ 17-18, Ex. 3.

### C. The Hourly Rates and Time Billed Are Reasonable

The hourly rates claimed by Defendant Catherine Reay are $800 for attorney Jeffrey Lewis, $450 for attorney Kyla Dayton, $300 for attorney Tim Cotter and senior paralegal Jason Ebbens, and $250 for paralegals Nora Komai and Jammie Bell. Lewis Decl., ¶¶ 10-12. These hourly rates are reasonable. Lewis Decl., ¶¶ 17-18, Ex. 3. Jeffrey Lewis has been practicing in the area of anti-SLAPP litigation for over twenty years and has substantial experience in federal and state courts throughout California. Lewis Decl., ¶¶ 14-15. Kyla Dayton is an experienced associate attorney who contributed to the legal research and drafting. Lewis Decl., ¶ 10. Tim Cotter assisted with drafting and strategy. Lewis Decl., ¶ 11.

The paralegals involved each performed tasks appropriate to their experience level and billing rate, including formatting, citation checking, and organizing supporting documents. These tasks were efficiently delegated to reduce overall billing.

Multiple California courts have previously found Mr. Lewis' hourly rate to be reasonable in anti-SLAPP matters. Lewis Decl., ¶ 15(k)-(t). His experience and reputation support the reasonableness of the fees requested in this case. The work was efficiently divided among attorneys and paralegals, avoiding duplication and reducing the overall cost of litigation. The total lodestar for the anti-SLAPP motion was $33,785.00, supported by synchronous time records. Lewis Decl., ¶ 8, Ex. 1. Preparation of this fee motion required an additional $3,050.00 in attorney and paralegal time, resulting in a total request of $36,835.00.

These hourly rates and fees requested are not unusual. A United States District Court awarded a prevailing defendant $318,687.99 in attorneys' fees under section 425.16(c)—based on 1999 rates—including $230,982.50 for legal work done before an appeal. *Metabolife Intern., Inc. v. Wornick* (S.D. Cal. 2002) 213 F.Supp.2d 1220, 1228. See also *Makaeff v. Trump Univ.*, 2015 WL 1579000, at *28 (S.D. Cal. April 9, 2015) ($790,083.40 in fees and $8,695.81 in costs in SLAPP case that went to appellate court); *Resolute Forest Products, Inc. v. Greenpeace Int'l*, 2019 WL 8377690 (N.D. Cal. Sept. 24, 2019); N.D. Cal. Case No. 17-cv-02824- JST, Dkt. # 314 (Apr. 22, 2020 Order) (awarding Greenpeace $545,572.36 in fees and $20,687.18 in costs based on trial court proceedings on SLAPP motion); *Wynn v. Chanos*, 2015 WL 3832561, at *6 (N.D. Cal. June 19, 2015) (awarding $390,149.63 in attorneys' fees based on trial court SLAPP motion); *Herring Networks, Inc. v. Maddow*, 2021 WL 409724, at *11 (S.D. Cal. Feb. 5, 2021) (awarding prevailing SLAPP defendants $247,667.50 in fees and $10,724.36 in costs based on trial court SLAPP proceedings); *Clifford v. Trump*, 2018 WL 6519029, at *5 (C.D. Cal. Dec. 11, 2018) (awarding prevailing defendant $292,052.33 in fees for trial court SLAPP proceedings).

### D. A Modest Multiplier of 1.5 Is Justified

Although Ms. Reay paid a $2,000 retainer at the outset of the representation, counsel has not been fully compensated for the work performed in preparing the anti-SLAPP motion and securing dismissal. A modest multiplier of 1.5 is warranted to reflect:

1. **Delay in Payment** – All fees beyond the initial retainer remain unpaid. Counsel bore the financial burden of preparing a successful dispositive motion without assurance of recovery.

2. **Risk Undertaken** – Counsel proceeded with representation despite uncertainty over whether Reay would prevail or recover fees. This risk justifies a limited enhancement.

3. **Public Policy Considerations** – Alvarez's claims improperly sought to punish protected speech on matters of public interest. The anti-SLAPP statute exists to deter such suits, and fee enhancement in this context furthers the legislative purpose of § 425.16 by ensuring robust enforcement and encouraging competent defense. Reay is a survivor of sexual trafficking who advocates online to help other survivors. Alvarez' lawsuit poses a chilling effect on these efforts.

4. **Complexity** – this case has been rendered complex due to multiple successive pleadings filed by a plaintiff's lawyer who does not follow the rules. In this matter, she has filed nearly identical successive pleadings without discernable changes in her allegations which have run up a large fee bill for Reay. She has indicated an intent to continue doing so because her client is "judgment proof." In other matters, Alvarez' counsel has filed briefs "replete with misrepresentations and fabricated case law." *Grant v. City of Long Beach*, 96 F.4th 1255, 1256 (9th Cir. 2024). This Court has disqualified Alvarez' counsel for unethical conduct in *L. Offs. of Angela Swan v. JP Morgan Chase & Co.*, No. 2:24-CV-01114-JLS-PD, 2024 WL

3529041, at *1 (C.D. Cal. July 10, 2024); see also *L. Offs. of Angela Swan v. JPMorgan Chase & Co.*, No. 2:24-cv-01114-JLS-PD, (C.D. Cal. Aug. 28, 2024) order disqualifying Attorney Swan in same matter. In a state court matter, Alvarez's counsel was ordered to pay sanctions for filing a frivolous appeal. *Gossett v. Jackson*, No. E073838, 2022 WL 765516, at *9 (Cal. Ct. App. Mar. 14, 2022).

Accordingly, a 1.5 multiplier appropriately compensates counsel for delay and risk and aligns with the remedial goals of the anti-SLAPP statute. The table below details the hours worked, hourly rates, and total fees incurred by attorneys and paralegals, including the base lodestar, the applied multiplier, and the additional time expended preparing this fee motion, resulting in a total request of $53,727.50.

| Fees for SLAPP Motion | | | |
|---|---|---|---|
| Professional | Hours | Rate | Fees |
| Attorney Jeff Lewis | 6.8 | $800.00 | $5,440.00 |
| Attorney Kyla Dayton | 23.5 | $450.00 | $10,575.00 |
| Attorney Tim Cotter | 36.8 | $300.00 | $11,040.00 |
| Paralegal Jason Ebbens | 13.6 | $300.00 | $4,080.00 |
| Paralegal Nora Komai | 8.2 | $250.00 | $2,050.00 |
| Paralegal Jammie Bell | 2.4 | $250.00 | $600.00 |
| Total | 91.3 | | $33,785.00 |

| Application of Multiplier | | |
|---|---|---|
| Fees for SLAPP | | $33,785.00 |
| Multiplier | | $16,892.50 |
| Total | 1.5 | $50,677.50 |

| Fees for Preparation of Fee Motion | | | |
|---|---|---|---|
| Professional | Hours | Rate | Fees |
| Attorney Jeff Lewis | 1 | $800.00 | $800.00 |
| Attorney Kyla Dayton | 3 | $450.00 | $1,350.00 |
| Paralegal Jason Ebbens | 0.5 | $300.00 | $150.00 |
| Paralegal Jammie Bell | 3 | $250.00 | $750.00 |
| Total | 7.5 | | $3,050.00 |

| Addition of Costs and Expenses | |
|---|---|
| Costs | $ - |
| Expenses | $ - |
| Total | $ - |

| Summary of Request | |
|---|---|
| Attorneys Fees for SLAPP | $33,785.00 |
| Multiplier | $16,892.50 |
| Attorneys Fees for Fee Motion | $3,050.00 |
| Costs and Expenses | $ - |
| Total Requested | $53,727.50 |

- 12 -
MOTION FOR ATTORNEY'S FEES

## V. Conclusion

Reay prevailed on her Special Motion to Strike under California Code of Civil Procedure § 425.16, entitling her to a mandatory award of attorneys' fees. Alvarez's claims were meritless, unsupported by law or fact, and directed at protected speech on matters of public concern. Reay's counsel secured complete dismissal of all claims without opposition, in furtherance of the statutory purpose of early resolution and deterrence of SLAPP suits.

Accordingly, Reay respectfully requests that the Court award:

1. Attorneys' fees in the lodestar amount of $33,785.00, or
2. A 1.5 multiplier of the lodestar amount, for a total award of $53,727.50.

DATED: July 28, 2025          **JEFF LEWIS LAW, APC**

By: *s/ Jeffrey Lewis*
Jeffrey Lewis
Kyla Dayton

Attorneys for Defendant
CATHERINE REAY



- 13 -
MOTION FOR ATTORNEY'S FEES

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Catherine Reay certifies, that this brief contains 2,861 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 28, 2025                    *s/ Jeffrey Lewis*
                                                           Jeffrey Lewis



Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274