Jeffrey Lewis (Bar No. 183934)
Kyla Dayton (Bar No. 346221)
Tim Cotter (Bar No. 360438)
**JEFF LEWIS LAW, APC**
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274
Tel. (310) 935-4001
Fax. (310) 872-5389
E-Mail: Jeff@JeffLewisLaw.com

Attorneys for Defendant CATHERINE REAY
(erroneously sued as CATIE REAY)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALVAREZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY, et al.<br><br>　　　　Defendants. | Case No.: 2:24-cv-01035-ODW-MAR<br><br>**REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**<br><br>Date:　　　　August 25, 2025<br>Time:　　　　1:30 p.m.<br>Courtroom:　5D<br><br>Case Filed:　February 7, 2024<br>Trial Date:　None Set |

REPLY

## MEMORANDUM OF POINTS AND AUTHORITIES

The opposition by Alvarez to the motion for attorney's fees is late and substantively without merit. The opposition was due to be filed on August 4, 2025 and was instead filed on August 11, 2025 - eight days late. The statutory basis for the fee motion is California Code of Civil Procedure section 425.16. Alvarez fails to mention, distinguish or apply that statutory authority. In general, when opposing a fee motion, the opposing party is required to attack the hourly rates or time spent in a lodestar calculation. Alvarez did neither.

The amount of time spent by Reay's lawyers was reasonable in light of the complexity of the case and the litigation tactics by Alvarez. Additionally, courts deciding fee motions have recognized that "most anti-SLAPP motions … tend to present complex issues." (*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.* (N.D. Cal., Aug. 18, 2015, No. 12-cv-04634-SI, p. 9) [citing *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1319 [holding that "SLAPP motions are generally difficult.")

> In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice.

(*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.)

Based on the foregoing, Reay respectfully requests that the Court grant the motion.

DATED: August 18, 2025

**JEFF LEWIS LAW, APC**

By: *s/ Jeffrey Lewis*
Jeffrey Lewis
Kyla Dayton
Tim Cotter

Attorneys for Defendant
CATHERINE REAY