Angela R. Swan, Esq. (SBN #213793)
**THE LAW OFFICES OF ANGELA SWAN, APC**
21151 S. WESTERN AVE.
TORRANCE, CA 90503
Tele:  (310) 755-2515
Fax:   (310) 878-0349
Email:      aswan@angelaswanlaw.com

Attorney for PLAINTIFF,

Daniel Alvarez

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DANIEL ALVAREZ,<br><br>        Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY, LOS ANGELES COUNTY CHILDREN AND FAMILY SERVICES, AND CATIE REAY,<br><br>        Defendants. | Case No.: 2:24-CV-01035-ODW Judge: Honorable Otis Wright<br><br>**NOTICE OF MOTION AND PLAINTIFF DANIEL ALVAREZ' MOTION TO VACATE DISMISSAL ORDER ENTERED ON JULY 15, 2025; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANGELA SWAN, ESQ.**<br><br>**Hearing Date: September 22, 2025**<br>**Hearing Time: 1:30 p.m.** |

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that on September 22, 2025, at 1:30 p.m., or as soon thereafter as the matter can be heard, in the courtroom 5D, The Honorable Otis Wright, located at the above-entitled Court, DANIEL ALVAREZ, ("Plaintiff") will, and hereby does, move the present Court for an order vacating CATIE REAY'S ("Defendant") Order of Dismissal entered July 15, 2025.

Good cause exists pursuant to Federal Rule of Civil Procedure, Rule 60 and the grounds for the present Motion being granted is due to inadvertence, mistake, and excusable neglect based on the fact that counsel for Alvarez, Swan, had filed a Fourth Amended complaint, prior to the due date of the opposition to the Motion to strike or dismiss the case against Reay.  Counsel furthermore filed the Fourth amended complaint on June 15, 2025; the court struck the Fourth Amended Complaint on June 30, 2025.  On July 7, 2025, Counsel for Defendant Reay filed a notice of non-opposition.  The court dismissed the case against Ms. Reay on July 15, 2025.  After the Fourth Amended complaint had been stricken, Swan did not have an opportunity to file an opposition because the court granted the Motion to Dismiss the case, as against Reay, on July 15, 2025, without providing Swan an opportunity to file an opposition.

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Declaration of Angela Swan, Esq., on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this Motion.

DATED:  August 25, 2025

By: _____

Angela Swan, Esq.,
Attorney for DANIEL ALVAREZ

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

## TABLE OF CONTENTS

                                                                    Page(s)

I.    STATEMENT OF FACTS…………………………………..… 1-4

II.   PROCEDURAL HISTORY OF
      CASE……………..………………………………………….4-5

III.  ARGUMENT……………………..………………………….6-10

IV.   LEGAL ARGUMENT

      A. Legal Standard …………………………………………..6

      B.  The Present Motion Should Be Granted Pursuant to Rule
          60 ………………………………………………………..7-9

      C.  Plaintiff's Case Should Be Decided On Its Merits……………9-10

V.    CONCLUSION………………………………………….. 10

## TABLE OF AUTHORITIES

CASES                                                              Page(s)

287 B.R. 787,793 (B.A.P. 9th Cir. 2002) …………………………..7

*Ashford v Steuart,*
657, F.2d 1053, 1055 (9th Cir. 1981)………………………………7,8

*Greenawalt v. Stewart,*
105 F.3d 1268, 1273 (9th Cir. 1997) ………………………………8

*Rochin v. California,*
101 Cal App 2d 140, 225 7 (1952) ………………………………….9

TCI Grp. Life Ins. Plan v. Knoebber,
244 F.3d 691, 696 (9th Cir. 2001)………………………………….10

**I.**

**STATEMENT OF FACTS**

1.  PLAINTIFF became the Foster Parent of Jacob, a Caucasian baby boy, earlier in the year of 2023.

2. PLAINTIFF is a Hispanic, homosexual male, and becoming the Foster parent to his new baby boy provided him an alternative outlet to fatherhood.

3. PLAINTIFF was very happy and proud to be a Foster Dad, as he knew his biggest dreams had come true.

4. Because PLAINTIFF was so excited about his new journey into fatherhood, PLAINTIFF would often post videos about his journey on the social media application, Tik Tok.

5. These videos would be snippets of PLAINTIFF holding and loving on his new baby.

6. PLAINTIFF would also post videos that were a little more risqué, but these videos would never involve the baby boy.

7. Raey is a Tik Tok (social media platform) user, and in her use of the platform, came across PLAINTIFF's videos.

8. Raey does not know PLAINTIFF personally, nor has she ever met PLAINTIFF in person.

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

9. Raey does not know anyone who knows PLAINTIFF personally.

10. Raey's only knowledge of PLAINTIFF, and PLAINTIFF's parenting of the baby, is completely formulated off what she seen on Tik Tok of the PLAINTIFF, and the PLAINTIFF's videos with the baby.

11. Raey did not like the risqué videos PLAINTIFF posted on his profile.

12. Raey did not like the videos that PLAINTIFF would post with his new baby.

13. On or about June 2023, Raey took to Tik Tok to vocalize her disdain of the PLAINTIFF's videos, using the risqué videos of the PLAINTIFF as a basis for allegations that she feared for the baby's safety.

14. Raey began reposting the PLAINTIFF's videos on her Tik Tok account and demonizing the PLAINTIFF's relationship with the baby through her own commentary on the videos of the PLAINTIFF.

15. After a short time, Raey's videos began to go "viral," (began quickly circulating around the Tik Tok app and accumulating lots of views/viewers).

16. Once Raey started going viral, she upped the ante on the demonization of PLAINTIFF's relationship with the baby and began defaming Alvarez.  Reay would report that Alvarez had been molesting his Foster child and encouraged her viewers to take action by filing false reports with DCFS in order to have the child removed from Alvarez care.

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

2

17. Reay additionally told her followers to contact the local law enforcement to have Alvarez charged and the baby removed from his care.

18. Reay knew these claims were false and in fact later apologized to Alvarez and told him that she would stop posting these falsities about Alvarez and this would cause people to leave Alvarez and his family alone.

19. Reay stopped for a short period of time, but she then continue to refer to Mr. Alvarez as a sexual molester.

20. PLAINTIFF spoke with DCFS and was told by Cristina Hernandez, his social worker, that "everything was ok," and that he did not have anything to worry about and that there was no action to be taken by PLAINTIFF.

21. Ms. Hernandez was wrong, an investigation had begun on PLAINTIFF, regarding his parenting and the safety of the baby.

22. On or about September 22, 2023, Sheriff Carson police showed up to PLAINTIFF's home at ,Torrance, CA 90502, at the urging of Catie Reay and her many followers, and DCFS.

23. On or about September 22, 2023, West Hollywood Sheriff and Social Services, on behalf of DCFS, showed up to PLAINTIFF's West Hollywood apartment; West Hollywood, CA 90038.

24. A short time after the baby was removed from the custody of PLAINTIFF,

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

3

and PLAINTIFFs, license to care for foster children was revoked,

25. The only reason PLAINTIFF was provided for his license revocation was the videos posted to Tik Tok.

26. The only reason PLAINTIFF was provided for the removal of the baby was the videos posted to Tik Tok.

27. PLAINTIFF was not provided with a hearing before his license was revoked and the baby was removed from his care.

28. After the child was removed from the care of Alvarez, Reay was informed by DCFS, of this confidential information, and she began spreading lies through social media that Alvarez children had been removed because he was a sexual molester.

**II.**

**PROCEDURAL HISTORY OF CASE**

On February 7, 2024, Alvarez filed a complaint against Catie Reay.  On October 7, 2024, Alvarez served Reay.  On April 22, 2025, Reay's Motion to dismiss the First Amended Complaint was granted in part.  On May 6, 2025,  a Second Amended Complaint was filed against Reay.  On June 3, 2025, a Third Amended Complaint was filed.  On June 23, 2025, a Notice of Motion and Motion to Strike the Third Amended Complaint was filed by Reay.  On July 7, 2025, a Notice of Non Opposition was filed by Reay.  On July 15, 2025, this Court granted

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

Reay's Motion to Strike or in the Alternative to Dismiss the Third Amended Complaint.

Alvarez notes that on June 15, 2025, prior to Reay filing a notice of non opposition and prior to the court striking the Fourth Amended Complaint, Alvarez attempted to lodge his opposition to the Dismissal of the Third Amended Complaint, by filing a Fourth Amended Complaint. On June 30, 2025, the Court struck the Fourth Amended Complaint because the court stated that Alvarez had failed to obtain opposing parties' consent under Rule 15(a). Alvarez never had the opportunity to oppose the Motion for Dismissal or Motion to Strike the Third Amended Complaint.

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

# III.

# ARGUMENT

## A. Legal Standard

Rule 60 of the Federal Rules of Civil Procedure governs requests for relief from a judgment or order.

Under Rule 60(b), a District Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

**B.  The Present Motion Should Be Granted Pursuant to Rule 60**

Plaintiff timely filed his Motion to Vacate pursuant to Rule 60, which permits Plaintiff relief under Rule 60(b)(1).

April 13, 2020, Defendant's Order dismissing Plaintiff's Complaint was entered.  Under Rule 60, a motion under subsection (1) must be brought no more than a year after the entry of the judgment or order.

This Court has the power to grant relief under Rule 60.  The requirement that the Rule 60 Motion be filed within one year of entry of judgment or order is jurisdictional and failure to file within the time specified deprives the court of jurisdiction to consider the motion. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989).

This Order Dismissing Plaintiff's Complaint was entered on July 15, 2025. Therefore, Plaintiff's Motion is timely for any relief sought under Rule 60(b) on the grounds of mistake, inadvertence, surprise, or excusable neglect.

The Ninth Circuit has held that determining whether a motion to obtain relief under Rule 60 is filed within a reasonable time requires a case by case analysis.  In re *Williams*, 287 B.R. 787, 793 (B.A.P. 9th Cir. 2002) (citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).  In making the determination, the

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

court should take "into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford*, 657 F.2d at 1055.

"Relief under section 60(b)(6) is reserved for 'extraordinary circumstances[,]' " id., and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment[,]" *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997).

As the dismissal of Reay  was only entered on July 15, 2025, this motion is timely filed.  And as shown by the declaration of Angela Swan, the failure to file a timely opposition to the motion to dismiss was due to mistake, inadvertence, surprise or excusable neglect in that Swan filed a fourth amended complaint on June 15, 2025, prior to the date that the opposition to the Motion Strike or Motion to Dismiss were due; prior to the date of the Non Opposition being filed and; Prior to the date that the court had stricken the Fourth Amended Complaint.  Swan mistakenly believed that she could file the Fourth Amended Complaint to address the issues that Reay had pointed out in her motion to dismiss or strike portions of the Third Amended Complaint.

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

Plaintiff's reason for delay in filing an Opposition to Defendants' Motion to Dismiss was based on the reliance and adherence that the fact that Swan had filed a Fourth Amended Complaint and believed the Fourth Amended Complaint would suffice as an amendment to the operative complaint or in the alternative as an opposition to the Motion to Dismiss and Strike the Third Amended Complaint.

## C. **Plaintiff's Case Should Be Decided On Its Merits**

In the present case, Plaintiff has a meritorious case and will be denied his due process rights if the Order entered on July 15, 2025 is allowed to stand. Depriving a citizen of due process warrants reversal of the Trial Court decision, because the decision violated the Due Process Clause of the Fourteenth Amendment. *Rochin v. California*, (1952) 101 Cal. App. 2d 140, 225.

Plaintiff's meritorious case is that Plaintiff's civil rights were violated. Plaintiff, a Gay, Latino Male , was discriminated against by the County of Los Angeles.  Ms. Reay, used her platform, and in concert with Los Angeles County DCFS, 1) Defamed Alvarez character 2)  Caused Intentional infliction of emotional distress 3) and negligent infliction of emotional distress.

This action was dismissed for failure to file an Opposition to Defendants' Motion to Dismiss.  The Ninth Circuit has held that "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b)

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY

requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), as amended on denial of *reh'g and reh'g en banc* (May 9, 2001). This does not mean that the moving party is absolved of demonstrating that the interest in deciding the case on the merits prevails over the important interest in finality of judgments. Id. at 696. Plaintiff bears the burden of demonstrating that the factors favoring deciding the case on the merits favors vacating the judgment. Id.

## IV.

## CONCLUSION

Based on the foregoing, DANIEL ALVAREZ' Motion to Vacate Dismissal Order Entered on July 15, 2025, should be granted.


DATED:  August 25, 2025          THE LAW OFFICES OF ANGELA
                                 SWAN, APC


                        By:  _____
                             Angela Swan, Esq.
                             Attorney for DANIEL ALVAREZ

MOTION TO VACATE ORDER DISMISSING CASE AGAINST DEFENDANT REAY